UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. EVERETT,<br><br>          Plaintiff,<br><br>     v.<br><br>MS. PATTERSON, et al.,<br><br>          Defendants. | No. 2:18-cv-01082 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's first amended complaint. ECF No. 23.

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted," or that "seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**II.    First Amended Complaint**

In the amended complaint, plaintiff names Dr. Patterson, a psychologist at California State Prison-Sacramento, as the sole defendant. ECF No. 23 at 2. He alleges that on "4/3/2018 at

1

10:45 a.m." and "4/10/2018 at 11:00 a.m." defendant Dr. Patterson tried to influence him with his words to become a homosexual. ECF No. 23 at 3. As a result, plaintiff's emotional confidence was destroyed and he began eating his own human waste and putting it all over his face. Id. Plaintiff also alleges that defendant Dr. Patterson tried to set him up with a homosexual staff member by the name of Bonnie. Id. at 3, 5. Plaintiff recounts a conversation that he had with the individual named Bonnie who was the leader of another mental health group. Id. at 5. As a remedy, plaintiff "would like Dr. Patterson to be removed from his position and from the mental health program" at CSP-Sacramento. Id. at 4.

**III. Analysis**

**A. Eighth Amendment Violation**

Prisoners have a clearly established Eighth Amendment right to be free from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). However, "[a]lthough prisoners have a right to be free from sexual abuse, ..., the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the constitution." Minifield v. Butikofer, 298 F.Supp.2d 900, 904 (N.D. Cal. 2004) (citing Schwenk, 204 F.3d at 1198)); compare Hill v. Rowley, 658 F. Appx. 840, 841 (9th Cir. 2016) (finding allegations of deliberate, unwanted touching sufficient to state a claim for sexual harassment that violates the Eighth Amendment), and Wood v. Beauclair, 692 F.3d 1041, 1046-51 (9th Cir. 2012) (reversing summary judgment on behalf of defendant because plaintiff's allegations of sexual harassment that included physical contact of a sexual nature was sufficient to state Eighth Amendment claim), with Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him), Blacher v. Johnson, 517 F. Appx. 564 (9th Cir. 2013) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983) (citation omitted), and Somers v.

Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."). Verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Here, plaintiff's allegations that defendant Patterson verbally harassed him do not rise to the level of a constitutional violation. The court has previously explained to plaintiff that verbal insults even when they are sexual in nature do not constitute an Eighth Amendment violation. See ECF No. 18 at 3. Plaintiff was given leave to amend his complaint to fix this deficiency. However, his allegations still fail to state a claim. There is no allegation of any physical assault by defendant Dr. Patterson or even the individual named Bonnie. Moreover, even the words used by defendant Dr. Patterson were not "unusually gross" nor reasonably calculated to cause plaintiff psychological damage even though plaintiff asserts that he did suffer psychological damage. See Keenan, 83 F.3d at 1092. Therefore, the undersigned recommends that the first amended complaint be dismissed for failing to state an Eighth Amendment violation.

**B. No Leave to Amend**

In dismissing a complaint, leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

Despite the instructions plaintiff was given regarding the type of information necessary to state a claim for relief, the allegations in the first amended complaint still fall far short of a constitutional violation. The court therefore concludes that plaintiff has no further facts to allege

and is convinced that further opportunities to amend would be futile. Accordingly, the undersigned recommends that the complaint be dismissed without leave to amend.

### IV. Plain Language Summary for Pro Se Litigant

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that this order is understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read the allegations in your first amended complaint and is recommending that it be dismissed without leave to amend because the things that you are complaining about do not violate your constitutional rights. If this recommendation is accepted by the district court judge assigned to your case, this case will not proceed any further and this civil action will be closed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 23) be dismissed without leave to amend for failing to state a claim; and,
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

/////

/////

Dated: March 25, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/ever1082.screening.docx